IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR175 |
| Plaintiff, | ) ) ) | |
| vs. | ) | TENTATIVE FINDINGS |
| CHERI HOOSE, | ) ) ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 171), the Defendant's motions for variance and downward departure (Filing Nos. 173, 175), and the government's adoption of the PSR (Filing No. 169). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 39 (role), ¶¶ 49 and 50 (criminal history points), and 98 (no grounds for departure).

### ¶ 39 - Role

The Defendant argues that she is entitled to a minimal role reduction under U.S.S.G. § 3B1.2. The objection will be heard at sentencing, and the Defendant has the burden by a preponderance of the evidence.

### ¶¶ 49, 50 - Criminal History Points

The Defendant cites U.S.S.G. § 4A1.2(c)(1) and argues that the prior convictions described in ¶¶ 49 and 50 as fifth degree theft convictions are in reality offenses involving checks/insufficient funds that should not be counted. The objection will be heard at sentencing, and the Defendant has the burden by a preponderance of the evidence.

### *¶ 98 - Grounds for Departure*

The Defendant objects to the probation officer's statement in ¶ 98. The Defendant characterizes the statement as one indicating that, other than substantial assistance, no grounds exist for a downward departure. Additional grounds are in fact noted in ¶ 99. The objection is denied because of the addition of ¶ 99 and also because in any event the Court is not at liberty to change the probation officer's opinion.

### *Motions*

The Defendant's motions for variance and downw3ard departure will be heard at sentencing.

IT IS ORDERED:

1. The Defendant's objections to ¶¶ 39, 49, and 50 of the PSR (Filing No. 171) will be heard at sentencing;

2. The Defendant's objection to ¶ 98 of the PSR (Filing No. 171) is denied;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 20th day of April, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge